**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0659n.06

No.12-2275

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jul 17, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PATRICIA A. GREEN, individually and on behalf of all persons similarly situated, | ) | |
| | ) | |
| *Plaintiff-Appellant,* | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA CORPORATION, d/b/a Bank of America Home Loans, as successor by merger to Countrywide Home Loans, Incorporated, BAC HOME LOANS SERVICING, L.P., a Texas limited partnership, as successor by merger to Countrywide Home Loans Servicing, L.P. BANK OF AMERICA, N.A. d/b/a Bank of America Home Loans, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, a Delaware corporation, BANK OF NEW YORK MELLON, N.A., f/k/a Bank of New York Trust Company, N.A., Jointly and Severally, | ) ) ) ) ) ) ) ) ) ) ) ) | On Appeal from the United States District Court for the Eastern District of Michigan |
| | ) | |
| *Defendants-Appellees.* | ) | |

BEFORE:  SILER and COLE, Circuit Judges; DOWD, District Judge.[*]

PER CURIAM. Plaintiff-Appellant appeals the district court's denial of her Motion for Relief

from Order Granting Defendants' Motion for Judgment on the Pleadings, Motion for Relief from

---

[*] The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Order Denying Plaintiff's Motion for Leave to File an Amended Complaint and Motion for a Preliminary Indicative Ruling. ECF 27.[1] We affirm.

I.      FACTUAL BACKGROUND

On October 26, 2006, plaintiff Patricia Green borrowed $143,500 from Countrywide Home Loans, Inc. ("Countrywide"). She secured the loan with a mortgage on real property located at 19613 Lochmoor St., in the City of Harper Woods, Wayne County, Michigan. ECF 1, Compl. ¶¶ 17, 18. The mortgage identified Defendant Mortgage Electronic Registration System ("MERS") as the mortgagee, as nominee for lender Countrywide and lender's successors and assigns. ECF 1, Compl. ¶ 17; *see also* Compl. Exh. A at 1 ¶19.

Plaintiff defaulted on her loan in August 2009 and has made no payments since. ECF 1, Compl. ¶ 20. On November 6, 2009, Defendant BAC Home Loans Servicing, LP ("BAC"), gave Plaintiff Notice of Intent to Accelerate under Paragraph 22 of the mortgage. ECF 9, Answer ¶ 22.

Plaintiff failed to cure her default and, on December 29, 2010, MERS assigned Ms. Green's mortgage to Bank of New York Mellon ("BNY Mellon"). ECF 1, Compl. ¶ 20; *see also* Compl. Exh. B. On or about the same date BNY Mellon was given possession of the note, endorsed in blank by Countrywide. ECF 21, Opinion and Order, 7. BNY Mellon recorded its assignment of mortgage on January 4, 2011. ECF 1, Compl. Exh. B.

On December 31, 2010 BNY Mellon published a foreclosure notice indicating its intent to sell Plaintiff's property in a foreclosure sale to be held February 3, 2011. ECF 1, Compl. ¶23; *see also* Compl. Exh. C. The sale was adjourned to February 10, 2011. On February 9, 2011 Plaintiff filed her complaint for, *inter alia*, a temporary restraining order and the issuance of a permanent injunction

---

[1] All references in this memo are to the Electronic Case Filing (ECF) numbers in the district court docket, District Court Case No. 2:11-cv-105011.

preventing sale of the property. ECF 1, Compl. The foreclosure sale has remained adjourned throughout this lawsuit.

## II.   PROCEDURAL BACKGROUND

Plaintiff's initial complaint alleged in Count I that the notice of default and acceleration by BAC was ineffective because neither the lender, BNY Mellon, nor the nominee, MERS, gave plaintiff the notice mandated by paragraph 22 of the mortgage. Plaintiff further alleged MERS could not exercise the power of sale and BNY Mellon was not the owner of the mortgage, ECF 1, Compl. ¶¶ 21-32. Count I was directed only at defendant MERS. Counts II and III alleged violations of state and federal laws governing fair lending.

Defendants Bank of America Corporation, Bank of America, N.A., BAC, MERS, and BNY Mellon filed a Motion for Judgment on the Pleadings. ECF 16. In response Plaintiff conceded the Defendants were entitled to judgment on the pleadings as to Counts II and III, and requested leave to amend Count I to add other named Defendants. ECF 19.

On October 26, 2011, the district court granted Defendants' motion for judgment on the pleadings, holding that the notice provided by BAC satisfied the mortgage notice provision. The court further found that BNY Mellon was owner of the note at the commencement of foreclosure and record owner of the mortgage by the date for sale, satisfying the requirements of Michigan foreclosure law. Mich. Comp. Laws §600.3204. ECF 21, Opinion and Order 5-7. The court denied Plaintiff leave to amend on the grounds of futility– reasoning that, even if Plaintiff amended to name the correct party, BNY Mellon, the foreclosing party had legal authority to pursue statutory foreclosure. *Id.*, at 7, 8.

On November 12, 2011, Plaintiff filed a Motion for Rehearing on Defendants' Motion for Judgment on the Pleadings. ECF 23. Plaintiff's new theory was that the December 29, 2010

assignment of the mortgage from MERS to BNY Mellon was not signed in Oakland County, Michigan, that Jason R. Canvasser was not the Assistant Secretary and Vice President of MERS and that his signature was not notarized. To support this argument, Plaintiff attached as exhibits a letter and multiple affidavits from Lynn E. Szymonik, who represented herself to be an expert in document fraud. The affidavits described document irregularities in foreclosure cases pending in Georgia and New York. ECF 23, Exhs. B-D. None of the exhibits referenced the Plaintiff's mortgage, Plaintiff's case or Jason R. Canvasser. The district court found, "Plaintiff's theory of fraud is not based upon the facts in this case. The attached exhibits have no bearing on the events that occurred during the foreclosure of Plaintiff's home." ECF 24 at 3. Concluding that Plaintiff's theory was "based solely on speculation," the district court denied Plaintiff's motion. *Id.*

Plaintiff appealed. On October 23, 2012 the Sixth Circuit affirmed the district court's orders and judgment. ECF 35; Appellate Case No. 11-2629.

While the appeal was pending, Plaintiff filed a Motion to Reopen Case, Motion for Relief from Order Granting Motion for Judgment on the Pleadings, Motion for Relief from Order Denying Plaintiff's Motion for Leave to Amend the Complaint and for a Preliminary Indicative Ruling ("Motion to Reopen"). ECF 27. The district court denied the motion.[2] ECF 31. It is the denial of the Motion to Reopen that the Plaintiff now appeals.

III.    STANDARD OF REVIEW

This Court reviews a district court's denial of a Rule 60(b) motion for relief from judgment for abuse of discretion. *Jones v. Illinois Cent. R.R. Co.,* 617 F. 3d 843, 850 (6th Cir. 2010). An abuse of discretion occurs when a court "commits a clear error of judgment" by, for example, applying the

---

[2] As a general rule, a pending appeal relieves the district court of jurisdiction. *SEC v. Johnston,* 143 F.3d 260, 263 (6th Cir. 1998). The district court acted under Fed. R. Civ. P. 62.1, which allows the court to defer, deny or issue an indicative ruling when an appeal is docketed and pending.

wrong legal standard or relying on clearly erroneous findings of fact. *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008). The party seeking relief under Rule 60 "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising Inc.,* 538 F.3d 448, 454 (6th Cir. 2008).

IV. THE DISTRICT COURT PROPERLY DENIED PLAINTIFF'S RULE 60(B)(2) CLAIM: THE "NEW" EVIDENCE PUT FORTH COULD HAVE BEEN DISCOVERED EARLIER WITH REASONABLE DILIGENCE, IS NOT MATERIAL OR CONTROLLING AND WOULD NOT HAVE MANDATED A DIFFERENT RESULT.

To prevail under Rule 60(b)(2), Plaintiff must demonstrate (1) "that [she] exercised due diligence in obtaining the information" and that (2) "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir. 1998) (internal quotation marks and citation omitted). Plaintiff has shown neither.

A. <u>Plaintiff's "New" Evidence Could Have Been Discovered With Reasonable Diligence Prior to the Ruling on Defendants' Motion to Dismiss</u>

To support her Rule 60(b)(2) claim Plaintiff presents as new evidence two Consent Orders from the Office of the Comptroller of the Currency ("OCC"). One entered into with the Bank of America on April 13, 2011 and the other entered into with MERS on April 28, 2011. Plaintiff asserts she could not have discovered the orders before her submission of papers opposing Defendants' Motion to Dismiss (July 28, 2011), or the judge's grant of Defendants' motion (October 26, 2011). Defendants demonstrated in the district court that the Consent Orders with Bank of America and MERS were big news when issued some six months prior to the judge's ruling. The subject of a high profile OCC press release, the news of the Consent Orders was picked up by major media outlets. (ECF 29, Exh. A OCC Press release, and, e.g., ECF 29, Exh. B, WallStreet Journal Article, "Big Banks Get Foreclosure Orders," dated 4/13/2011). While Plaintiff states that her attorney did not

become aware of the orders until December 14, 2011 (ECF 27 at 17) that is not the issue. As the district court stated below, "[T]he critical factor is not when Plaintiff's counsel became aware; it is when with reasonable diligence the information could have been discovered." ECF 31, at 7. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (denying motion for relief when the new evidence was publicly available six months before judgment was entered); *Crawford v. TRW Automotive U.S. LLC.,* 2008 WL 1902220, at *3 (E.D. Mich. Apr. 30, 2008) (plaintiff failed to establish due diligence where plaintiff offered no evidence they were prevented from entering or observing the work being performed at the plant).

Here, the information was publicly and widely available more than six months prior to the judge's grant of Defendants' motion and Plaintiff has set forth no evidence demonstrating she was in any way prevented from accessing the information. The district court correctly found that Plaintiff failed to establish that the OCC orders were "new" evidence that could not have been discovered with diligent effort prior to the ruling on the motion to dismiss.

B.    Plaintiff's New Evidence is Not Controlling and Does Not Mandate A Different Outcome

There are multiple problems with Plaintiff's argument that the Consent Orders control or require a different outcome in this case.

 As an initial matter, Plaintiff has no right to enforce the terms and conditions of the OCC Consent Orders. Each specifically provides, "Nothing in the Stipulation and Consent or this Order, express or implied, shall give to any person or entity, other than the parties hereto...any benefit or any legal or equitable right, remedy or claim under the Stipulation and Consent or this Order." ECF 27, Bank of America Consent Order, Exh. B, Art. Xiii (10); MERSCORP Consent Order, Exh. C, Art. XIII (8).  Courts in this circuit have specifically held that a consent order is a contract that non-parties

are not entitled to enforce.  *See, e.g.*, *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010) (borrower cannot assert a claim based on lender's failure to comply with a Michigan attorney general consent agreement because borrower is a non-party)(citing *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F. 3d 918, 930 (6th Cir. 2002)).

Even if Plaintiff could surmount this threshold issue, by the plain terms of the Stipulation and Consent to the Issuance of a Consent Order, Bank of America does not admit any wrongdoing. ECF 27-2 at 30.  (See parallel provision as to MERS and MERSCORP at ECF 27-3 at 26).  Thus, even if Plaintiff could rely upon this agreement, the agreement does not, by itself, establish any liability by Bank of America.

Further, as the district courted pointed out, while the Consent Orders address servicing and foreclosure practices generally, they do not address any specific transaction and, most importantly, "they do not address Plaintiff in particular."  ECF 31 at 5. Plaintiff has made no showing that the Consent Orders have any relevance to the issue of whether BNY Mellon had authority to foreclose on Plaintiff's property under Michigan Law.  Because the Consent Orders do not address Plaintiff's loan and foreclosure, the Consent Orders would not have "clearly produced a different result if presented before the original judgment." *HDC, LLC v. City of Ann Arbor,* 675 F.3d 608, 615 (6th Cir. 2012).

Plaintiff also points to the Independent Foreclosure Review Notice ("IFRN") she received as new evidence that would require the court's ruling be reversed.  The IFRN was sent pursuant to the Bank of America OCC Consent Order to every borrower whose property was "active in the foreclosure process between January 1, 2009 and December 31, 2010." ECF 27, Exh. E. Plaintiff's receipt of the notice is not a "red flag"-- it was sent to all borrowers, not only those whose foreclosures the OCC considered suspect or improper.  The IFRN does not provide probative

evidence of anything other than that Plaintiff's property was involved in foreclosure between the applicable dates, and certainly does not mandate Plaintiff's foreclosure sale be cancelled.

V. THE DISTRICT COURT PROPERLY DENIED PLAINTIFF'S RULE 60(B)(3) CLAIM: DEFENDANTS' COUNSEL HAD NO ETHICAL RESPONSIBILITY TO INFORM COUNSEL AND THE COURT OF THE CONSENT ORDERS

Plaintiff's final theory is that the Defendants violated Rule 60(b)(3) and the Michigan Rules of Professional Conduct ("MPRC") 3.3 and 3.4 by "concealing and/or failing to disclose" the Consent Orders. Plaintiff also contends that Defendants misled the Court in their answer to paragraph 34 of Plaintiff's Complaint.

Rule 60(b)(3) provides that a party may be relieved of an order or judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by opposing party." Fed. R. Civ. P. 60(b)(3). As the Sixth Circuit explained in *Johnson v. Bell*,

> "Fraud on the court consists of conduct: '1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.' *Carter* [*v Anderson*,] 585 F.3d [1007] at 1011 (6th Cir. 2009). . . . Petitioner has the burden of proving existence of fraud on the court by clear and convincing evidence. *Id.* at 1011–12 (citing *Info–Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir.2008))."

*Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (internal citations partially omitted). Here, as in *Johnson,* plaintiff has not done so.

As established above, the OCC Consent Orders do not address Plaintiff's individual foreclosure. Their existence is not material to the question of whether, under Michigan law, BNY Mellon proceeded properly with foreclosure against Plaintiff's property. The district court correctly held that because the OCC Consent Orders did not establish "any wrongdoing relative to Plaintiff's mortgage. . . . Defendants had no duty to bring it to the court's attention." ECF 31 at 6.

Finally, Plaintiff contends that Defendants' denial of the allegations of Paragraph 34 of Plaintiff's complaint was rendered false by the existence of the OCC Consent Orders. As Defendants point out in their Appellate Brief, the OCC Consent Orders concern foreclosure practices, while the agreement referenced in Paragraph 34 addresses sales practices, an entirely different topic. Defendant-Appellee Brief, pg. 22. Nothing in the OCC Consent Orders is relevant to Paragraph 34 of the Complaint or Defendants' answer to that Paragraph.

Since the OCC Orders and the answer to Paragraph 34 are not relevant to a determination of the issue before the district court--whether BNY Mellon followed Michigan law when foreclosing on Plaintiff's property--representations or omissions regarding the same cannot be the basis for an ethical violation or Rule 60(b)(3) claim.

VI.     CONCLUSION

For the foregoing reasons, the Court affirms district court's order denying Plaintiff's Motion to Reopen.